# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANTHONY R. COLSTON, JR.,

        Petitioner,    :    Case No. 2:22-cv-2485

- vs -                    District Judge Michael H. Watson
                                      Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

                                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought by Petitioner Anthony Colston with the assistance of counsel, Elizabeth Gaba, to obtain relief from his conviction in the Court of Common Pleas of Muskingum County, Ohio, for conspiring to traffic drugs and engaging in a pattern of corrupt activity, both with a major drug offender specification (Petition, ECF No. 1).  On Order of Magistrate Judge Caroline Gentry, Respondent has filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6).  Petitioner then filed a Reply (ECF No. 15), making the case ripe for decision.  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload n this District (ECF No. 17).  Ultimate decision in the case remains with District Judge Watson.

**Litigation History**

On January 12, 2017, the Muskingum County grand jury indicted Colston on one count of conspiracy to trafficking in drugs (cocaine) in violation of Ohio Rev. Code § 2923.03 and one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32, both with major drug offender specifications (Indictment, State Court Record, ECF No. Ex. 1). After many continuances on Colston's motion, the case was tried to a jury in March 2019 and Colston was convicted on both counts and specifications. The prosecutor dismissed the major drug offender specification on Count One and Colston was sentenced to an aggregate of eighteen years imprisonment. *Id.* at Ex. 9.

Colston appealed to the Ohio Fifth District Court of Appeals which affirmed the trial court. *State v. Colston*, 2020-Ohio-3879 (5th Dist. Jul. 27, 2020). Colston did not appeal to the Supreme Court of Ohio. Through new counsel, however, he filed an Application to Reopen under Ohio R. App. P. 26(B). The Fifth District denied that Application (Judgment, State Court Record 5, Ex. 20, unreported). Colston appealed but the Supreme Court of Oho declined to exercise jurisdiction. *State v. Colston*, 161 Ohio St.3d 1474 (2021). Colston then filed his Petition in this case, pleading the following Grounds for Relief:

> **Ground One**: The trial court abused its discretion by denying Colston's motion to compel, motion to appoint investigator, and motion for continuance, in violation of Colston's due process rights pursuant to the 14th Amendment to the United States Constitution.
>
> **Ground Two**: The trial court erred by requiring Colston to display his tattoo to the jury, in violation of his right against self-incrimination guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution.
>
> **Ground Three**: The trial court erred by failing to instruct the jury that it must unanimously agree on the same specific incident of conspiracy to drug trafficking and engaging in a pattern of corrupt activity, each alleged in single counts in the indictment against

Colston, in violation of his rights to due process of law, a fair trial, jury unanimity, and the double jeopardy protections pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1 Sections 10 and 16 of the Ohio Constitution.

**Ground Four**: First appellate counsel was ineffective for failing to properly address the issues raised in Ground Three and clarify whether or not the Ohio Constitution protects a defendant's right to jury unanimity when the state alleges multiple ways that a defendant may have committed a crime. First appellate counsel was also ineffective in advancing his argument in violation of defendant's Fifth and Sixth amendment rights. the Fifth District Court of Appeals should have reopened Colston's appeal, and the Ohio Supreme Court should have accepted jurisdiction.

**Ground Five**: First appellate counsel was ineffective when he failed to assign as error that trial counsel was ineffective by failing to object to the jury instruction on conspiracy. Both trial and first appellate counsel violated defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, §§1, 5, 9, 10, 16 and 20 of the Ohio Constitution. the Fifth District Court of Appeals should have granted the 26(b), and the Ohio Supreme Court should have accepted jurisdiction.

**Ground Six**: First appellate counsel was ineffective by briefing the Fifth District on the wrong conviction and failing to cite any authority to support Colston's assignment of error. The Fifth District Court of Appeals should have accepted the 26(b) application, and the Ohio Supreme court should have accepted jurisdiction.

**Ground Seven**: the trial court erred by instructing the jury that it could consider that Colston fled the state as evidence of consciousness of guilt. Colston's Fifth, Sixth, and Eighth Amendment rights, and his right to a fair trial and equal protection were abrogated [sic].

**Ground Eight**: The trial court lacked authority to find that Colston was a major drug offender, and specifically, the trial court's reliance on Ohio Revised Code § 2941.141 is unconstitutional under *Apprendi v. New Jersey,* not just on its face but "as applied", because it requires judicial fact-finding that increases a defendant's mandatory minimum sentence. the statute and the trial court's application of it violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as well as the due course of law provision and Article I section 16 of the Ohio Constitution. The appeals court should have reversed Colston's conviction.

**Ground Nine**: The imposition of consecutive terms, and the length of those terms, by the trial court is not supported by the record and violates Defendant`s rights secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution as well as Article I, section 14, of the Ohio Constitution.  Ohio's sentencing scheme is unconstitutional.

**Ground Ten**: Second appellate counsel was ineffective for failing to reopen the appeal as to all of the issues cited herein in the 26(b) application to reopen, and he was ineffective in limiting his appeal to the Ohio Supreme Court as to only the 26(b) arguments he had made. He did not properly address the issues raised by first appeal counsel, and raised in all of the grounds, violating defendant's rights secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14, of the Ohio Constitution.

**Ground Eleven**: There is insufficient evidence to support Defendant's convictions and the convictions are against the manifest weight of the evidence. Defendant did not receive a fair trial.   His convictions violate his Fifth, Sixth[,] and Eighth amendment rights.

(Petition, ECF No. 1).

# Analysis

**Statute of Limitations**

Respondent asserts the Petition should be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

>> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the applicable time period as follows: The Ohio Court of Appeals affirmed Colston's convictions on direct appeal on July 27, 2020. An appeal to the Ohio Supreme Court was due forty-five days later or on September 10, 2020. See S.Ct. Prac. R. 6.01(A)(1). Colston did not appeal to the Supreme Court of Ohio, so his convictions became final on September 10, 2020. The period of limitation began to run on the following day, September 11, 2020, and expired one year later on September 11, 2021, absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. The statute ran for forty-nine days until it was tolled by an application for reopening under Ohio R. App. P. 26(B) filed on October 29, 2020. The statute remained tolled until March 16, 2021, when the Ohio Supreme Court declined jurisdiction in Colston's 26(B) appeal. The statute of limitations began running again on March 17, 2021, and ran for 316 days until it expired on January 27, 2022. The Petition was not filed until June 14, 2022, and is therefore time-barred (Return, ECF No. 6, PageID 344).

Petitioner opposes the statute of limitations defense (Reply, ECF No. 15, PageID 408, *et seq*.). He asserts the statute continued to be tolled for ninety days after the Ohio Supreme Court

5

declined jurisdiction of his 26(B) appeal because he could have sought certiorari review of that decision by the United States Supreme Court until June 14, 2021.

This argument is directly refuted by Sixth Circuit precedent in point. In *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004), the Ohio Supreme Court held that 26(B) proceedings are collateral in nature rather than part of the direct appeal. In *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004), the court held "An application under App. R. 26(B), whether successful or not, was never intended to constitute a part of the original appeal." In *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), the court expressly overruled *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000), and held that 26(B) proceedings are collateral and defendants are not entitled to counsel for 26(B) proceedings. Thus although Colston's 26(B) application was timely filed and therefore tolled the statute under § 2244(d)(2), it did so as a collateral proceeding, not part of the first appeal. Colston's conviction became final on direct appeal when he failed to timely appeal to the Ohio Supreme Court.

**Conclusion**

Respondent's statute of limitations defense applies to all claims in the Petition. Because that defense is well-taken, further analysis of Petitioner's Eleven Grounds for Relief is not warranted, particularly because some of them alleged violations of the Ohio Constitution which are not cognizable in federal habeas corpus.

It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma*

*pauperis*.

October 9, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
