IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ANTHONY R. COLSTON, JR.,

        Petitioner,    :    Case No. 2:22-cv-2485

  - vs -                          District Judge Michael H. Watson
                                      Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

                                          :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 18).  The Warden has responded to Petitioner's Objections (ECF No. 22) and District Judge Watson has recommitted the case for reconsideration in light of the Objections (ECF No. 20).

The Report recommends the Warden's statute of limitations defense be upheld and the Petition dismissed as time-barred, based on the following timeline:

Judgment of conviction was entered September 13, 2019; Colston's trial attorneys had been Derek Farmer and James Watson (Judgment, State Court Record, ECF No. 5, Ex. 9).  A Notice of Appeal was filed by James Anzelmo. *Id.* at Ex. 10.  He is presumably the attorney referred to by Habeas Counsel Gaba as the "first appeal attorney."  The Fifth District Court of Appeals entered judgment affirming the conviction on July 27, 2020, at which time Attorney Anzelmo remained

1

counsel of record (See State Court Record, ECF No. 5, Ex. 17, PageID 176).

New appellate counsel Roger Soroka, Joshua Bedtelyon, and Trenten Grobe then filed an Application for Reopening under Ohio R. App. P. 26(B) on October 29, 2020. *Id.* at Ex. 18. Presumably these attorneys are the persons referred to by Attorney Gaba as the "second appeal attorney." The record does not reveal when they were retained.

The Fifth District Court of Appeals denied the 26(B) Application on November 19, 2020. *Id.* at Ex. 20. The same second appeal attorneys filed a Notice of Appeal from that denial to the Ohio Supreme Court on December 31, 2020. *Id.* at Ex. 21. On March 16, 2021, the Supreme Court of Ohio declined to exercise jurisdiction in Muskingum County Court of Appeals Case No. CT2019-0076). *Id.* at Ex. 24.

Respondent calculated the running of the statute of limitations as follows:

> The Ohio Court of Appeals affirmed Colston's convictions on direct appeal on July 27, 2020. An appeal to the Ohio Supreme Court was due forty-five days later or on September 10, 2020. See S.Ct. Prac. R. 6.01(A)(1). Colston did not appeal to the Supreme Court of Ohio, so his convictions became final on September 10, 2020. The period of limitation began to run on the following day, September 11, 2020, and expired one year later on September 11, 2021, absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. The statute ran for forty-nine days until it was tolled by an application for reopening under Ohio R. App. P. 26(B) filed on October 29, 2020. The statute remained tolled until March 16, 2021, when the Ohio Supreme Court declined jurisdiction in Colston's 26(B) appeal. The statute of limitations began running again on March 17, 2021, and ran for 316 days until it expired on January 27, 2022. The Petition was not filed until June 14, 2022, and is therefore time-barred (Return, ECF No. 6, PageID 344).

(Report, ECF No. 18, PageID 424). The Report's recommendation that the case be dismissed as time-barred is based on this calculation.

In his Reply, however, Colston argued his conviction did not become final on direct review

2

until ninety days after the Ohio Supreme Court declined jurisdiction of his 26(B) appeal, which is the period during which he says he could have sought certiorari review in the United States Supreme Court (ECF No. 15, PageID 409). He relied on Ohio Supreme Court precedent holding 26(B) proceedings were part of direct review, *Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000). He conceded, however, that *Bronaugh* had been overruled by *Lopez v. Wilson,* 426 F.3d 339 (6th Cir. 2005); he then relied on the dissent in *Lopez*. The Report rejected this argument, noting that the Ohio Supreme Court had squarely held 26(B) proceedings were a collateral attack on a judgment and not part of direct review:

> In *Morgan v. Eads*, 104 Ohio St. 3d 142 (2004), the Ohio Supreme Court held that 26(B) proceedings are collateral in nature rather than part of the direct appeal. In *Deitz v. Money,* 391 F.3d 804 (6th Cir. 2004), the court held "An application under App. R. 26(B), whether successful or not, was never intended to constitute a part of the original appeal." In *Lopez v. Wilson,* 426 F.3d 339 (6th Cir. 2005)(en banc), the court expressly overruled *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000), and held that 26(B) proceedings are collateral and defendants are not entitled to counsel for 26(B) proceedings.

(Report, ECF No. 18, PageID 425).

Colston first argues his conviction did not become final on September 10, 2020, "because has filed in his habeas petition, traverse and supplemental memorandum, overarching claims of ineffective assistance of trial and appellate counsel." (ECF No. 19, PageID 429).

If Colston is claiming that ineffective assistance of second appellate counsel excused his failure to appeal to the Ohio Supreme Court from the affirmance of his conviction, that claim is unavailing because there is no Sixth Amendment constitutional right to effective assistance on a discretionary appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth

Amendment.  *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Colston next claims this Court should hold a timely 26(B) application is part of direct appeal (Objections, ECF No. 19, PageID 432).  But nothing in the Ohio Supreme Court's precedents declaring a 26(B) application collateral turns on whether the application was timely.  Colston does not discuss *Morgan* or *Dietz* and only discusses *Lopez* to rely on a dissent which we, obviously, are not free to follow on this question of state law.

Petitioner reminds us that ineffective assistance of appellate counsel will excuse procedural default (Objections, ECF No. 19, PageID 433, citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  But that is only true of proceedings to which the Sixth Amendment guarantee applies.  *Pennsylvania v. Finley, supra*.  And ineffective assistance of appellate counsel will only serve to excuse procedural default if the ineffective assistance of appellate counsel claim has been properly presented to the state courts and is not itself procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

In sum, although counsel presents many claims of ineffective assistance of appellate counsel, she presents no authority for the proposition that ineffective assistance will extend the statute of limitations.  She also cites no proceeding in which second appellate counsel has been found to have provided ineffective assistance or indeed in which that claim has been raised.

At page ten of the Objections, counsel turns to the equitable tolling doctrine.  The Supreme Court has held that the statute of limitations in the AEDPA can be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010).  A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood

in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The party seeking equitable tolling has the burden of proving that he is entitled to it. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Colston has not shown an "extraordinary circumstance" prevented his filing a direct appeal to the Ohio Supreme Court. He had retained counsel after losing on appeal. Instead of filing an appeal, his second appellate attorneys filed a 26(B) application. Such an application tolls the statute of limitations. However, it does not extend the forty-five day limit on appealing to the Ohio Supreme Court. "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." This language is quoted from *Holland* by Colston's current counsel in the Objections (ECF No. 19, PageID 437). If second appellate counsel miscalculated the appropriate next step, that miscalculation is chargeable to Colston.

Finally, Colston cites *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013), in which the Supreme Court recognized an actual innocence exception to the statute of limitations. Colston, however, presents no new evidence of actual innocence and *McQuiggin* does not authorize the lower federal courts to recognize other new exceptions to the statute of limitations.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections and the Warden's Response, the Magistrate Judge again respectfully recommends the Petition be dismissed with

5

prejudice as time-barred.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 7, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge